ELECTRONICALLY FILED
CLEBURNE COUNTY CIRCUIT COURT
HEATHER SMITH, CIRCUIT CLERK
2023-Feb-03 05:47:00
12CV-22-215
C16D01 : 6 Pages

## IN THE CIRCUIT COURT OF CLEBURNE COUNTY, ARKANSAS
## CIVIL DIVISION

**DAVID E. BYARD**                                                                                **PLAINTIFF**

**VS.**                              **CASE NO. 12CV-22-215**

**JOHN P. CONRY, WILLIAM "BILL" FISHER,**
**DAVID BURNETT,**
**INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY**
**AND JOHN DOES 1-10**                                                                       **DEFENDANTS**

### AMENDED COMPLAINT

Comes the Plaintiff, **DAVID E. BYARD,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of the State of Tennessee who brings this action against Defendants, **DAVID BURNETT, JOHN P. CONRY** and **WILLIAM "BILL" FISHER for malicious prosecution and conspiracy to violate Plaintiff's State and Federal** Constitutional Rights to be free from unreasonable prosecution and equal protection of laws, as allowed by 42 USC § 1983 and 42 USC §1985. Burnett is sued in his individual capacity and in his official capacity as Chief of Police of the City of Fairfield Bay, Arkansas. Burnett was a policymaker for for Fairfield Bay, a public municipality organized under the laws of the State of Arkansas.

2. Since the acts giving rise to this action arose in this County, and Burnett was a resident of this County at the time of the events in question, venue is proper. Since **this is an action for malicious prosecution and conspiracy to violate Plaintiff's State and** Federal Constitutional Rights, this Court has jurisdiction over the parties and subject matter. All actions of the David Burnett were taken under the color of law.

**Exhibit 1**

## ALLEGATIONS OF FACT

3. Plaintiff is a successful business man who resides in Germantown, Tennessee.

4. Plaintiff has had a vacation home at Fairfield Bay for many years.

5. Once Plaintiff established his business and was headed toward retirement, Plaintiff turned his eye to Fairfield Bay where he'd enjoyed his vacation home for many years.

6. Plaintiff noticed that Fairfield Bay was neglected and was woefully under-performing. So, Plaintiff ran for election for the Fairfield Bay Board of Directors, and won.

7. Immediately after he took his seat on the Board, Plaintiff began taking steps to improve Fairfield Bay.

8. As an example, the General Manager was fired, and Plaintiff began performing those job duties, free of charge.

9. Nonetheless, certain members of the community, including the Defendants, did not approve of Plaintiff's methods and started accusing him of unethical conduct in the community.

10. Plaintiff eventually fired Conry for violation of Club policy. Conry deserved it.

11. Eventually, Defendants filed charges against the Plaintiff without probable cause, in June of 2022, in conspiracy with certain public officials like David Burnett, who were acting under color of law. Defendants acted in concert together.

**Exhibit 1**

12. Then, Defendants claimed that Plaintiff had committed certain misdeameanors; but, Plaintiff had not.

13. Burnett falsely stated that **"Most of the people I spoke with showed a degree** of nervousness on speaking with the Police, either from losing their job, or for physical **violence in retaliation."**

14. Burnett also falsely wrote that he had received a number of questions from **people who asked "if they would receive police protection if they came forward and gave a statement concerning David Byard's threats of implied physical violence. ... None of** these persons were willing to come forward, stating that they had concerns for their **physical safety, if they said anything more."** But this was false and defamatory.

15. In September of 2022, one or more of the Defendants appeared at trial and testified falsely.

16. **In the absence of Defendants' testimony,** and Burnett's **false** material statements, Plaintiff would not have been charged.

17. However, upon information and belief, Plaintiff alleges that the Defendants acted in conspiracy with local Fairfield Bay City Officials like Burnett **to smear Plaintiff's** name in the community and cause him to lose his influence within the Fairfield Bay community corporate environment.

### COUNT I

18. Plaintiff realleges the foregoing as if more fully set out herein.

19. Plaintiff did not commit a crime in Fisher and Conry's presence. But Defendants falsely and intentionally claimed otherwise in an attempt to smear the Plaintiff in the community.

**Exhibit 1**

20.     Defendants brought charges without probable cause for an improper purpose, so Plaintiff sues for malicious prosecution and abuse of process.

21.     Eventually, the charges were dismissed, in their entirety.  The charges would never have been brought had Defendants not agreed, in conspiracy with certain City Officials other than Burnett to lie.

22.     Indeed, these types of cases are never charged criminally, but, certain City Officials other than Burnett, in an attempt to smear Plaintiff, recruited the Defendants to bring false charges against the Plaintiff and presented false testimony in the process.

23.     Accordingly, Plaintiff has suffered mental and emotional distress and seeks declaratory judgment **that the Defendants' actions had been malicious and without** probable cause.

24.     **Defendants' actions have been so egregious so as to warrant the imposition** of punitive damages.

## COUNT II

25. Plaintiff realleges the foregoing as if more fully set out herein, as allowed by the ACRA and 42 USC 1983.

26. Plaintiff did not commit a crime in Fisher and Conry's presence.  But Defendants falsely and intentionally claimed otherwise in an attempt to smear the Plaintiff in the community in retaliation for Plaintiff's **speech protected under** the 1st Amendment.

27. Defendants brought charges without probable cause for an improper purpose, so Plaintiff sues violation of his 4th Amendment and state constitutional right to be free from unreasonable search, seizure, and malicious prosecution.  Burnett

**Exhibit 1**

was a policymaker for Fairfield Bay who made the decision to charge the Plaintiff, even after the elected Prosecutor declined.

28. Burnett's actions in this case were a result of a failure to train.

29. Burnett was a policymaker for the City, and his actions were City policy that caused the violation of Plaintiff's **state and federal** constitutional rights.

30. Plaintiff's **state and federal constitutional rights** to be free from unreasonable search, seizure, and malicious prosecution were clearly established.

31. Eventually, the charges were dismissed, in their entirety. The charges would never have been brought had Defendants not agreed, in conspiracy with certain City Officials other than Burnett to lie.

32. Indeed, these types of cases are never charged criminally, but, certain City Officials other than Burnett, in an attempt to smear Plaintiff, recruited the Defendants to bring false charges against the Plaintiff and presented false testimony in the process.

33. Accordingly, Plaintiff has suffered mental and emotional distress and seeks declaratory judgment **that the Defendants' actions had been malicious and** without probable cause.

34. **Defendants' actions have been so egregious so as to warrant the imposition of** punitive damages.

## JURY DEMAND

35. Plaintiff prays for a trial by jury

**Exhibit 1**

WHEREFORE, Plaintiff, **DAVID E. BYARD** prays for compensatory and punitive damages, in an amount exceeding $5,000,000.00; for declaratory judgment that Plaintiff has committed no crimes and that Defendants' prosecution of him was malicious; for reasonable attorneys' fees; for costs; for trial by jury; and, for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:   */s/ Luther Oneal Sutter*
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

By:   */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on this 3rd day of February 2023, via ECF, upon all counsel of record:

Kent Tester

By:   */s/ Luther Oneal Sutter*

Luther Oneal Sutter, ABN 95-031

**Exhibit 1**