# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**DAVID E. BYARD**                                                      **PLAINTIFF**

**v.**                          **CASE NO. 4:23-CV-00190-BSM**

**JOHN P. CONRY,** *et al.*                                             **DEFENDANTS**

## ORDER

The motion of John Conry and William Fisher for summary judgment [Doc. Nos. 49, 52] is granted.

## I. BACKGROUND

David Byard is suing Conry and Fisher for malicious prosecution, abuse of process, conspiracy, and for violating the First and Fourth Amendments.  His claims stem from a report made by Conry, Fisher, and a third party, to a police officer that resulted in him being criminally charged.

Byard served as president and general manager of the Fairfield Bay Community Club. Compl. ¶ 8, Doc. No. 2; Separate Def. David Burnett's Statement Undisputed Material Facts ("Burnett SUMF"), Doc. No. 67, Ex. 1, Dep. David Byard ("Byard Dep.") at 222:25–223:1, 244: 1.  Conry was employed by Fairfield until Byard fired him.  Byard Dep. at 47:1–3; Burnett SUMF, Ex. 2, Dep. Of John Conry ("Conry Dep.") at 76:3, 76:12–13.  Fisher was a member of Fairfield's board of directors until he was removed.  Conry Dep. at 80:24–81:1; Byard Dep. at 214:25.

Byard held a meeting with a number of employees of Fairfield in which he stated that

someone was leaking information and that he was going to fire the person once he determined who it was. *See* Byard Dep. at 117:17–118:2. He also said that he was going to make the person "disappear." *Id.* Conry complained to human resources that Byard's statements were "beyond threatening" and caused many in the room to fear physical harm. Burnett SUMF, Ex. 5, Conry Email. Conry, Fisher, and a third party then met with Fairfield Bay Police Officer David Burnett about Byard's statements. *See* Conry Dep. at 47:22–48:12–14; Burnett SUMF, Ex. 4. Dep. David Burnett ("Burnett Dep.") at 34:20–23. Burnett interviewed four witnesses, all of whom stated that Byard made threats about employment and two stated that they interpreted the language to be physically threatening. *Id.* After completing the investigation, Burnett turned the results over to the prosecuting attorney who charged Byard with second degree terroristic threatening and third degree assault. *See* Burnett Dep. at 87:2–4; Pl.'s Resp. Opp. Def. Mot. Summ. J. ("Pl.'s Resp."), Doc. No. 77, Ex. 24, 9th State District Court - Clinton Certified Docket ("Docket"). The terrorisitc threatening charge was dismissed and Byard was acquitted on the assault charge. *See* Pl.'s Resp., Docket.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the nonmoving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336,

340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence

demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must

be drawn in a light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d

641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are

made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Summary judgment is granted on all claims.  Summary judgment is granted on

Byard's malicious prosecution claim because the decision to bring criminal charges was

made by the prosecutor.  *See Patrick v. Tyson Foods, Inc.*, 489 S.W.3d 683,694 (Ark. App.

2016) (citations omitted) ("If one in good faith fully and fairly discloses to an attorney or the

prosecutor all the information he has and is advised that a crime was committed, then he has

made out a complete defense to an action for malicious prosecution.").  Additionally, nothing

in the record indicates that defendants made false claims to law enforcement in order to have

Byard prosecuted.  *See S. Arkansas Petroleum Co. v. Schiesser,* 36 S.W.3d 317, 322 (Ark.

2001) (company found liable for malicious prosecution when its executive officers filed a

report but failed to advise law enforcement of exculpatory evidence).  Summary judgment

is granted on Byard's abuse of process claim because he has not set forth evidence that Conry

or Fisher had an ulterior purpose other than what the process was designed for in reporting

Byard's statements to Burnett.  *See Harmon v. Carco Carriage Corp.*, 895 S.W.2d 938, 940

(Ark. 1995).  Summary judgment is granted on Byard's conspiracy claim under 42 U.S.C.

section 1985 because he has not shown that Conry or Fisher had a class-based, invidiously

discriminatory animus against him. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). Summary judgment is granted on Byard's Fourth Amendment claim because Byard was not seized within the meaning of the Fourth Amendment. Byard Dep. at 237:11–21; *see Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1208 (8th Cir. 2013) (a seizure occurs when one is physically touched by a state actor or when he submits to a show of authority by a state actor). Summary judgment is granted on Byard's First Amendment claim because Conry and Fisher are not state actors; therefore, constitutional guarantees do not apply to their actions. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991).

IV. CONCLUSION

For the foregoing reasons, the motion of Conry and Fisher for summary judgment is granted and Byard's claims against them are dismissed with prejudice.

IT IS SO ORDERED this 7th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE